

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. C. Boswell
Acting County Attorney
Bowie County
Boston, Texas

Dear Sir:

a-6325

Opinion No. O-6325
Re: Jurisdiction of county
court of condemnation
proceedings.

Your letter of December 14, 1944, requesting the opinion of this department on the questions stated therein is as follows:

"As Acting County Attorney of Bowie County and at the request of the County Judge and other officers, I desire an early opinion on the following question:

"Where the county has proceeded to condemn land for the purposes of widening a highway, and land owners have filed their objections to the award of the special commissioners appointed for the purpose of assessing the damages, does the County Court of Bowie County, Texas or the District Court of Bowie County, Texas have jurisdiction to try the case?

"Article 3266, PS19 25, section 6 provides as follows:

"'If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon

Honorable R. C. Boswell, page 2

the adverse party shall be cited and the cause
shall be tried and determined as in other civil
causes in the county court.'

"Our courts have held that the County Court
has exclusive jurisdiction to try suits involving
eminent domain; then Article 1970-306 effective June 6,
1927, provides that the jurisdiction of the County
Court of Bowie County be diminished, and all matters,
both civil and criminal, theretofore within the juris-
diction of the County Court shall be vested in the Dis-
trict Courts of said county. The constitution provides
in Section 22, as follows:

"'The Legislature shall have power, by local or
general law, to increase, diminish or change the civil
and criminal jurisdiction of County Courts; and in case
of any such change of jurisdiction, the Legislature shall
also conform the jurisdiction of the other courts to such
change.'

"Attention is called to the fact that there is an
apparent conflict between Article 1970-306 and Article
3266. There are five contested cases now pending in
the County Court of Bowie County, Texas wherein ob-
jections to the awards have been filed and what we
desire to know is whether the County Judge of Bowie
County, Texas should proceed with the trial of these
cases, or should the County Clerk transfer the papers
to one of the District Courts for the purpose of trial.

"Inasmuch as we desire speedy action in these
cases and wish to conclude the issues in the court of
proper jurisdiction so as not to delay the construction
of the highway in question, we wish you would kindly
give us a very early opinion so that we may be governed
accordingly."

Generally speaking, in this state the general statutes which govern the exercise of the power of eminent domain are Articles 3264-3271, inclusive, being Title 52, Vernon's Annotated Civil Statutes. Other titles which we will not list here provide for the exercise of the power of eminent domain by specific bodies. By Article 6674n, Vernon's Annotated Civil Statutes, it is provided that the Highway Commission in the condemnation of land for highway purposes shall follow the procedure set out in Title 52.

Article 1970-338, Vernon's Annotated Civil Statutes, is a statute diminishing the general jurisdiction of the county court of Bowie County in civil and criminal matters. The statute further provides that the District Courts of said county shall have and exercise jurisdiction in all matters and causes, civil and criminal, over which, by general laws of the State of Texas, the county court of said county would have jurisdiction, except as provided in Section 1 of the Act, and all cases other than probate matters and such as provided in Section 1 of the Act were transferred to the district courts of said county.

Article 1960, Vernon's Annotated Civil Statutes, provides:

"Where the jurisdiction of the county court has been taken away, or changed by existing laws, the same shall remain as established, until otherwise provided by law. Jurisdiction shall obtain in all matters of eminent domain over which the county courts have jurisdiction by the general laws of this state."

The question presented in your inquiry has been considered and determined by the Appellate Courts of this state on various occasions. In view of the authorities which will be cited, it is the opinion of this department that the County Court of Bowie County has jurisdiction to try the condemnation cases mentioned in your letter.

Honorable D. C. Boswell, page 4

In the case of Vogel, et al, v. State, 60 S. W. (2d) 348, it is said:

". . . The legislature, in reducing the jurisdiction of the county courts, cannot deprive such courts of exclusive jurisdiction over cases of eminent domain by a general law. Articles 3264 to 3271, Title 52, Revised Civil Statutes of Texas. A special law reducing jurisdiction of the county court did not repeal the general law. Article 1960, as stated, specially retained county court jurisdiction in cases of eminent domain.

"The questions herein discussed have been definitely decided in favor of the jurisdiction of the county court in condemnation suits by the Supreme Court and Courts of Civil Appeals. Southern Kansas Railway v. Vance, 104 Tex. 90, 133 S. W. 1043; Belch v. Railway Co. (Tex. Civ. App.) 161 S. W. 1091; Black Bros. v. State (Tex. Civ. App.) 253 S. W. 576; Missouri-Kansas-Texas Railway v. Jones (Tex. Com. App.) 24 S. W. (2d) 366; Texas Jurisprudence, Vol. 16, g 107, p. 717.

"In the text-book last cited, the matter of eminent domain is fully considered, the authorities cited, and the statutes clearly discussed. The text shows jurisdiction over cases of eminent domain to be lodged in the county court, regardless of the deprivation by the legislature of all cases except those involving probate matters, and regardless of the value of the land sought to be condemned.

"This conclusion as to the jurisdiction of county courts is so fully, clearly and forcefully stated by the Supreme Court in Railway v. Vance, supra, that no one should err in regard to the matter.

"The County Court of Real County and that court alone has jurisdiction of this cause, and the dismissal was plainly in the face of the law."

Honorable R. C. Boswell, page 5

As above stated, it is our opinion, that the county court of Bowie County has jurisdiction of the cases mentioned in your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Ardell Williams
Assistant

AW:zd

APPROVED DEC 2 1944
ATTORNEY GENERAL